UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,
et al.,

    *Plaintiffs*,

    v.

THE UNITED STATES OF AMERICA, et al.,

    *Defendants*.

Civil Action No. 25-965-JRR

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' motion for a preliminary injunction, the accompanying memorandum, any related responses and replies filed, and the irreparable harm to Plaintiffs alleged, it is hereby **ORDERED** that the motion for a preliminary injunction is **GRANTED**. It is further

**ORDERED** that Defendants and their officers, agents, employees, attorneys, and other persons who are in active concert or participation with them (hereafter "Defendants") are enjoined from closing the U.S. Department of Education (the "Department") or taking steps to close the Department, including by implementing Executive Order 14242; and it is further

**ORDERED** that Defendants are enjoined from proceeding with, giving effect to, or implementing under a different name the mass Reduction in Force announced on March 11, 2025; and it is further

**ORDERED** that Defendants shall reinstate any statutorily mandated functions in the Department that have been terminated or halted since January 20, 2025, including research, data collection, dissemination activities, and other mandatory functions needed to administer formula

grant programs as required by statute; all mandatory certification, eligibility, and oversight functions required for the administration of the federal student financial aid programs created by Title IV of the Higher Education Act; and all civil rights enforcement functions necessary for the Department to effectuate the antidiscrimination provisions applicable to federal funding recipients in Department-administered programs; and it is further

**ORDERED** that Defendants may not terminate any additional statutorily mandated functions in the Department, including research, data collection, dissemination activities, or other mandatory functions needed to administer formula grant programs as required by statute; certification, eligibility, and oversight functions required for the administration of Title IV federal student financial aid programs; or civil rights enforcement functions necessary for the Department to effectuate the antidiscrimination provisions applicable to federal funding recipients in Department-administered programs; and it is further

**ORDERED** that Defendants may not terminate any other functions within the Department absent an individualized assessment of the effect on the Department's performance of its statutory obligations; consideration of the effects of any such actions on Plaintiffs, their members, and the public, including any reliance interests; and a plan to continue fulfilling the Department's statutory and regulatory obligations; and it is further

**ORDERED** that Defendants are enjoined from implementing or carrying out the mass terminations of SEED or TSL Grant Program awards. If Defendants wish to terminate any individual SEED or TSL grant, they must make an individualized determination in compliance with the procedures and requirements set forth in the General Education Provisions Act, the Education Department General Administrative Regulations, and the Department's Handbook for the Discretionary Grant Process; and it is further

**ORDERED** that Defendants are enjoined from implementing or carrying out the mass terminations of TQP Program awards. If Defendants wish to terminate any individual TQP grant, they must make an individualized determination in compliance with the procedures and requirements set forth in the Office of Management and Budget's Uniform Guidance, 2 C.F.R. part 200, as adopted by the Department, and applicable statutes and regulations; and it is further

**ORDERED** that Defendants are enjoined from implementing or carrying out the mass discontinuation of School-Based Mental Health Grants (SBMH) and Mental Health Service Professional Demonstration (MHSP) Grants. If Defendants wish to discontinue any individual SBMH or MHSP grant, they must make an individualized determination in compliance with the procedures and requirements set forth in the General Education Provisions Act, the Education Department General Administrative Regulations, and the Department's Handbook for the Discretionary Grant Process; and it is further

**ORDERED** that Defendants are enjoined from eliminating any further competitive grant programs through mass terminations or discontinuations; and it is further

**ORDERED** that Defendants shall make formula grants in accordance with the mandatory statutory formulas established by Congress and shall not withhold funds appropriated to formula grant programs based on their policy priorities; and it is further

**ORDERED** that Defendants provide notice of this Order within 24 hours of its entry to all officers and employees at the Department; and it is further

**ORDERED** that Defendants file a status report with this Court within 72 hours, and weekly thereafter until otherwise directed by this Court, describing all steps Defendants have taken to comply with this Order.

     This **ORDER** shall apply to the maximum extent provided for by Fed. R. Civ. P. 65(d)(2) and shall persist until further order of this Court.

     **SO ORDERED.**

Dated: _____, 2025

                                                     _____
                                                     JULIE R. RUBIN
                                                     United States District Judge