# Exhibit J

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, et al., <br><br> *Defendants*. | Civil Action No. 25-965-JRR |

## **DECLARATION OF DOE DECLARANT #1**

I, Doe Declarant #1, declare as follows:

1. I am over the age of 18 and competent to testify to the matters described below. This declaration is based on my personal knowledge and information that has been shared with me through conversations with my colleagues. If called as a witness, I could and would testify competently to the matters set forth below.

2. I am a resident of Florence County, South Carolina. I am a current member of the Florence Branch of the National Association for the Advancement of Colored People ("NAACP") and have been for several years.

3. I have four children. All my children have attended or are currently attending public schools in Florence County.

4. In addition to caring for my own children, I also serve as a pro bono advocate on behalf of other parents who have children that attend public schools in Florence County. In this advocacy role, I help parents ensure that their school district provides their children with all the resources they need to have a useful and enriching education. In recent years, I have served as an

advocate for over thirty-five parents and students and have helped parents prepare and file approximately ten complaints with the Office for Civil Right ("OCR").

5.      I know from my advocacy work that if Florence County public schools lose out on funding that is devoted to disability and mental health services, disabled students in Florence County will have a more difficult time learning and participating in their education.

6.      One of my children is my minor son Z.B., who currently attends public school in Florence County. Z.B. is diagnosed with ADHD and a sleep disorder. These disabilities affect Z.B.'s ability to learn in a typical classroom setting.

7.      Because of his disabilities, Z.B. has unique educational needs. These needs require Z.B. to receive resources and instruction that are unique from and supplemental to the standard classroom instruction that his peers receive. These resources are provided to Z.B. by way of an Individualized Education Program ("IEP").

8.      Z.B.'s IEP, and the services that accompany it, are crucial to his educational development. Through his IEP, Z.B. receives supplemental in-class instruction from a special education teacher in math, reading, and behavior; supplemental evening tutoring classes from education specialists; and behavioral and inclusion support from school therapists and counselors.

9.      Z.B. also benefits from special transportation services that are provided to him on the basis of his sleep disorder. When Z.B. is unable to attend school at the usual start time because of his sleep disorder, a specially scheduled bus picks him up to take him to campus. If Z.B. is unable to take that bus, I drive him to school during my work hours. Z.B.'s IEP provides that the school district reimburses my transportation expenses when this happens.

10. Z.B. also relies on "extended school year" services through his IEP. Under this program, Z.B. receives supplemental lessons and instruction during the summer vacation months. These services are provided by specialized teachers who know how to work with Z.B.

11. In the past, Z.B. has also utilized the services of school paraprofessionals and a monitor, in conjunction with his IEP. He may require services from similar personnel in the future.

12. All these services are crucial to Z.B. achieving the minimum levels of public education that he is legally entitled to. If Z.B. does not receive these resources, I am confident that his grades will fall and he will be unable to participate meaningfully in his education. That is indeed what happened before Z.B. had his IEP.

13. Z.B.'s ability to continue to receive these services is dependent on the continued employment of the multitude of personnel who help fulfill the requirements of Z.B.'s IEP, including special education teachers, behavioral specialists, and therapists. These personnel know Z.B. personally and understand how to work with him. As an example, these personnel have worked to develop an "incentive program" that rewards Z.B.'s good performance at school by providing him with small prizes that are tailored specifically to him and his wants/needs. This incentive program has been shown to be critical to Z.B.'s learning, in large part because it is administered by people who know Z.B.'s personality and understand what motivates him. Indeed, when Z.B.'s school tried using a different incentive program that was administered by non-specialists, with rewards that were not tailored to Z.B., his learning dropped significantly.

14. If the mental health specialists, behavioral interventionists, special education teachers, and/or paraprofessionals at Z.B.'s school become unavailable to him, Z.B. will lose out on the personnel who help make his education a fruitful and fulfilling one.

15. I know from my work as an advocate that Florence County Public Schools are struggling to maintain adequate resources for students with disabilities. The district is underfunded and understaffed, and many of the parents I advocate for have had difficulty obtaining disability-related support they need from the school district.

16. Because of the school's precarious financial situation, I expect that if Z.B.'s school loses out on any disability or mental-health-related funding, the school will be unable to retain all the staff and services that Z.B. needs.

17. If that happens, Z.B. will struggle to understand his coursework; his grades will fall; his ADHD symptoms will worsen; he will be unable to keep up academically with his peers; and his educational development will slow dramatically or even regress.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed on June 11, 2025.

/s/ Doe Declarant #1*
Doe Declarant #1

*Counsel hereby certifies that he or she has a signed copy of the foregoing document available for inspection at any time by the court.