# Exhibit FF

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| |
|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., |
| *Plaintiffs*, |
| v. |
| THE UNITED STATES OF AMERICA, et al., |
| *Defendants*. |

Civil Action No. 25-965-JRR

**DECLARATION OF JESSICA HEISER**

I, Jessica Heiser, declare pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am a resident of Minnesota. I am over the age of 18 and have personal knowledge of all facts stated herein. If called as a witness, I could and would testify competently to the matters set forth below.

2.      I received my law degree from DePaul University College of Law and worked as an education law attorney for Church, Church, Hittle & Antrim in Noblesville, Indiana from January 2013 to January 2023.

3.      Since May 2024, I have been the Supervising Attorney of the Education Law Team at Minnesota Disability Law Center, which is part of Mid-Minnesota Legal Aid.  The Minnesota Disability Law Center of Mid-Minnesota Legal Aid is the federally designated Protection and Advocacy agency for people with disabilities in the state of Minnesota. Every state has a protection and advocacy agency that provides free legal help to

people with disabilities on disability rights issues.  Our organization's priorities include

increasing integration and decreasing discrimination for people with disabilities, and increasing

access to appropriate services for students with disabilities.

4.      Prior to January 2025, our education law team would often advise families who

have experienced discrimination, harassment, or a denial of services to file a complaint with the

Department of Education's Office of Civil Rights (OCR).  That advice was based on our

experience that OCR was the best and often only available option for families who lacked the

resources to pursue private litigation to resolve disability rights concerns.  Complaints by

families in Minnesota were filed in the Chicago, Illinois office of OCR until that OCR office was

closed in March 2025.

5.      One of my colleagues was the advocate for a family that filed a complaint in the

Chicago office prior to January 2025.  That complaint was still pending when that office closed

in March 2025.  My colleague was told to contact another OCR office, which they did, but they

have received no response since March 2025.

6.      The OCR website now lists Denver as OCR office for Minnesota families, but

no one in my office has been contacted by anyone in the Denver office regarding any pending

cases.

7.      Since March 2025, my colleagues have advised against Minnesota families with

civil rights complaints filing a complaint with OCR, due to the lack of communication from

OCR on pending cases and concerns that the massive layoffs and downsizing of OCR render any

attempt to seek information or redress from the office futile.

8.       We need an office of civil rights within the federal Department of Education

– the schools need them and the parents need them.  Most families cannot afford to go to court to

remedy disability discrimination and harassment concerns. And state level offices do not have sufficient resources to enforce the civil rights laws in schools. The failure of OCR to investigate or otherwise process their complaints has a devastating impact and causes an incalculable amount of damage to students facing discriminatory treatment.

9.      We are now advising families with civil rights complaints to file a complaint with the Minnesota Department of Human Rights, the state agency designated to investigate civil rights complaints by students who are facing harassment or discrimination in school. The staff in that office have given two of my office's clients the "runaround" when they tried to file a complaint, telling them that they need to file with the Minnesota Department of Education, which includes an office that handles complaints related to special education services but not civil rights complaints. My impression is that the Department of Human Rights is turning families away because they are overloaded.

10.     Since January 2023, I have been the founder and lead project attorney with Imprint Legal Group, which works with school districts to resolve civil rights complaints filed by students and families. Since March 2025, the schools I work with have expressed great concern that their outstanding cases are not being processed. Client schools with outstanding complaints that were being handled out of the Chicago office have not heard anything from any OCR staff since that office closed in March 2025. When they have tried to contact staff in the Chicago office, they get a voice message saying that the office is closed, with no other information. When they email staff in the Chicago office, they receive a message stating that the staff member no longer works there, with no additional information.

11.     The lack of attention from OCR staff has a significantly negative effect on my school clients. For example, one school is past the end of a one year compliance period after

reaching an agreement to resolve a complaint filed three years ago, but the school cannot get the case closed because of the closing of the Chicago OCR office and the failure of OCR to reassign any other staff to that complaint. Consequently, the school continues to experience negative consequences from the complaint in their community because the complaint is still pending.

12.    Schools with whom I consult report an increase in claims alleging civil rights violations in federal litigation against them, which they attribute to the OCR offices' closure and the general disfunction within OCR.  Many of these claims could have been resolved during the OCR dispute resolution process if the complaint had been filed there and if the OCR offices were fulfilling their mission of investigating and resolving complaints.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed on June 13 2025.

Jessica Heiser