# Exhibit JJ

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, et al., <br><br> *Defendants*. | Civil Action No. 25-965-JRR |

### DECLARATION OF KRIS KERANEN

I, Kris Keranen, declare pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.     I am a resident of Michigan. I am over the age of 18 and have personal knowledge of all facts stated herein. If called as a witness, I could and would testify competently to the matters set forth below.

2.     I hold a Bachelor's degree from Northern Michigan University.

3.     Since 2003, I have worked for Disability Rights Michigan ("DRM"), formerly Michigan Protection and Advocacy Service, a nonprofit organization that advocates for the rights of persons with disabilities, including students seeking special education services in Michigan's schools. DRM also provides information and advice to people with disabilities to empower them to advocate on behalf of themselves if DRM is unable to provide direct advocacy on their behalf.

4.     From 2003 until 2019, I served as a non-attorney General Advocate and Education Advocate. In my role as an Education Advocate, I worked with parents on behalf of students with disabilities in Michigan. The work included providing information to parents, attending meetings, reviewing records, filing special education state complaints and/or complaints with the U.S.

Department of Education's Office for Civil Rights ("OCR"), and otherwise assisting parents on behalf of students with disabilities who were being denied their rights by a public school in Michigan.

5.      In 2019, I was appointed to serve as the Director of Education Advocacy for Disability Rights Michigan. In that role I supervise the advocacy on behalf of students with disabilities across Michigan.

6.      In my experience at DRM, we have often advised families of their right to file complaints with OCR if their student with a disability has faced discrimination or harassment in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act ("Section 504"), or a denial of special services under the Individuals with Disabilities Education Act ("IDEA").

7.      Civil rights complaints by families in Michigan were filed in the Cleveland, Ohio office until that OCR office was closed in March 2025.

8.      From March until May 2025, the OCR website listed Cleveland as an OCR office, after that office was no longer processing complaints. DRM was unable to advise families who were previously served by the Cleveland OCR office as to where complaints should be filed.

9.      It is my understanding that at least some of the complaints filed with the Cleveland office by individuals in Michigan were moved to staff in the Denver OCR office. OCR is a vital resource for families in Michigan who seek to file a complaint regarding violations of federal law under Title VI or Title IX of the Civil Rights Act ("CRA"), the Americans with Disabilities Act, ("ADA") or Section 504. As shown by the agency's materials and based on my past experience, the Michigan Department of Education only investigates complaints specific to special education, Mich. Dep't of Educ. Off. of Special Educ., *Special Education State Complaints:*

2

*Procedures and Model Forms* (May 2023), https://www.michigan.gov/mde/-/media/Project/Websites/mde/specialeducation/DRO/StateComplaints_ProceduresModelForms.pdf?rev=21bed1f5d6f843a7a9b20c6ed0d93635&hash=8056B3A625FA0C9945F038B682E4CD47, and the Michigan Department of Civil Rights ("MDCR") only investigates complaints to determine compliance with the two state statutes which prohibit discrimination, *MDCR Jurisdiction*, Mich. Dep't of C.R., https://www.michigan.gov/mdcr/enforcement/investigation/jurisdiction (last visited on June 11, 2025). Without a functioning OCR, Michigan families are left without any administrative agency to investigate complaints under CRA, ADA, or Section 504.

10. Since March 2025, based on publicly available information, DRM has been advising families with potential civil rights complaints that the number of OCR staff who investigate complaints has been drastically reduced. DRM currently has two complaints that are still in investigation after being filed nearly 2 years ago, one of which was accepted for investigation on June 30, 2023, and one accepted for investigation on July 20, 2023. Since there are fewer staff at OCR now, it is not known how long a complaint investigation will now take, or whether it will be opened for investigation.

11. Based on our experience and OCR's reduction in staffing, DRM cannot provide callers with reliable information about the OCR complaint process, including whether OCR will respond to complaints at all, even to open an investigation. We advise families that they can file a complaint with both OCR and MDCR, but that they should not expect an investigation by MDCR because of the reasons outlined above.

12. Our office advises families that if they file a complaint with OCR, they should have low expectations for any timely resolution. DRM advises families that we are unaware of any other

3

formal complaint oversight body to address violations of Section 504. These violations include common issues such as a school's failure to implement a Section 504 plan, or failure to provide due process protection in long term disciplinary removals of students eligible for the protections of Section 504, but not IDEA.

13.    The failure of OCR to investigate or otherwise process these complaints is having a devastating impact on students with disabilities and causes significant and ongoing damage to students facing discriminatory treatment, harassment, or denial of equal access to education. Without OCR as a functioning enforcement agency, students will continue to be denied necessary accommodations, services, and supports to meet their physical health needs, allow their access to grade level curriculum, and they will remain suspended without due process protections. They will be denied the accommodations, services, and specialized instruction they need to provide them a school environment free from harassment, the ability to have full and equal access to school buildings, playgrounds, after school activities, and they will be denied their fundamental right to fully participate as a valued member of the school community.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed on June 12, 2025.

Kris Keranen