# Exhibit NN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>*Defendants*. | Civil Action No. 25-965-JRR |

## **DECLARATION OF MARCIE LIPSITT**

I, Marcie Lipsitt, declare pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a resident of Franklin, Michigan. I am over the age of 18 and have personal knowledge of all facts stated herein. If called as a witness, I could and would testify competently to the matters set forth below.

2. I hold a bachelor's degree in English from the University of Michigan, Ann Arbor.

3. For the past 19 years, I have worked with families in Michigan and across the United States in filing complaints with the Office of Civil Rights at the Department of Education ("OCR"). I am the Co-Founder of the Michigan Alliance for Special Education, a grassroots advocacy group that supports parents of children with disabilities, and legislative initiatives pursuant to children's health care and education. I am also a member of the Council of Parent Attorneys and Advocates ("COPAA"): https://www.copaa.org/.

4. Civil rights complaints by families in Michigan were filed in the Cleveland, Ohio office until that OCR office was closed in March 2025.

5. From March until May 2025, the OCR website listed Cleveland as an OCR office, after that office was no longer processing complaints. Families who were previously served by the Cleveland OCR office had no way of knowing where complaints should be filed.

6. It is my understanding that at least some of the complaints filed with the Cleveland office by families in Michigan were moved to the Denver OCR office. Some of the families I work with have been told that their records were not transferred from the Cleveland office or that the records could not be accessed by staff in the Denver OCR office.

7. On March 21, 2025, I received an email from a staff member in the OCR office in Denver, telling me that the Denver office of OCR would be handling complaints from Michigan that had been handled by the Cleveland office. This email stated, "please bear with us as we try to adjust to our significantly reduced staffing levels."

8. Of the more than 20 families I have worked with who currently have outstanding complaints, only two of those families have received any communication from OCR regarding their complaint since January 2025.

9. For example, I helped a family in Taylor, MI file a Title VI complaint on behalf of a tenth-grade student who has been out of school since October 2024. The student remains out of school because the school has failed and refused to schedule a disciplinary hearing which is required by the school district's Student Code of Conduct. The family had heard nothing from OCR about the processing or investigation of their complaint from December 4, 2024 until March 19, 2025. At that time, we received notice from an attorney in Denver OCR office regarding mediation, to which the family and the school agreed. We have heard nothing about the mediation since then.

10. I work with a Clayton County, Georgia family that has filed 12 open complaints under Title VI. That family had not heard anything from OCR since a message dated January 17, 2025, stating that the complaints were still under investigation. The family sent messages to their assigned OCR attorney and that person's supervisor in the Atlanta office on March 28, 2025, and received an automated reply stating that their attorney's employment status had changed has changed and that they did not have access to that email account. The client also messaged her previous attorney's supervisor, and received a response stating that the complaints "remain in evaluation or in investigation."

11. This Clayton County family requested fast track mediation by OCR some time ago but that has not been scheduled, and the family has continued since January 2025 to contact the OCR Atlanta Regional Office to schedule mediation. To their knowledge, no other OCR staff have been assigned to their complaints.

12. I filed Title VI and Title IX complaints in Florida on August 24, 2023, and a Title VI complaint in Massachusetts on June 2, 2024. The Title VI complaints are open but have not been investigated. The Title IX complaint against the Florida Department of Education has been under evaluation for over two years. I have received no communication from those OCR offices since prior to January 20, 2025.

13. Prior to January 2025, OCR had a goal of scheduling early mediations within 30 days. Since January 2025, the early resolution process including mediation has not been provided in any of the complaints I have filed or in any complaints by families I am assisting, even though it is part of the OCR complaint resolution process and can be very beneficial to complainants.

14. For two complaints I filed on behalf of a family on December 8 and 11, 2024, who filed 2 complaints about a Michigan charter school regarding playground accessibility and failure

to evaluate for special education services. I heard nothing about these complaints from OCR until May 30, 2025, when I received an email regarding mediation, from an Equal Opportunity Specialist in the OCR office in Denver, Colorado. Early mediation is supposed to occur before an OCR investigation begins. The Specialist stated that the next step would be to get the complaint assigned to a mediator, but she noted "I expect this to take a very long time due to resource limitations." When I requested that OCR proceed to investigation, the Specialist responded that I should keep in mind "that an investigation would take much longer than a mediation." In a subsequent message, the Specialist stated "I do recognize your frustration. OCR Denver is doing its best to handle its new workload."

15. In two different complaints where I am working with complainant families, I had two mediations that were scheduled to be held in January and February 2025. Those mediations were cancelled at the last minute and have not been rescheduled. These cancellations interfere with the families' opportunity to resolve their civil rights complaints in a timely and advantageous fashion.

16. In response to numerous complaints that I filed with OCR regarding web accessibility, the U.S. Department of Education ("the Department") created a rule, Section 108(t), that multiple complaints on the same issue would be "dismissed." COPAA, the National Federation of the Blind, and the NAACP filed a federal lawsuit in June 2018 challenging that rule, resulting in a settlement in February 2019, requiring that my complaints must be reopened. In response to that decision, the Department created a web access team to address these complaints, and the Department should have been monitoring compliance with agreements to resolve those complaints. I have continued to file multiple web access complaints since January 2025 through April 2025, but OCR has not opened any of these complaints since January 2025. As of March

4

2025, the OCR web access team has been dissolved so there are no OGC staff to investigate or monitor my outstanding complaints. These staff who are no longer working for OCR had the expertise to ensure that any federally-funded organization with a website meets the accessibility requirements of Section 508 of the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA").

17. In the fall of 2024, I filed complaints with OCR regarding playground accessibility in Jefferson County, Kentucky, and two schools in Michigan. I filed the Kentucky complaint with the Philadelphia office, and I received notice that the complaint had been received on January 14, 2025. The complaints regarding Michigan were filed with the Cleveland OCR office. I have heard nothing about the investigation of those complaints since they were filed, and both of those OCR offices have been closed.

18. On March 10, 2021, I filed a complaint with the Cleveland OCR office regarding the Michigan Department of Education's ("MDE") COVID guidance which inaccurately advised school districts regarding their obligation to provide compensatory services to students with disabilities so as to provide them with a free and appropriate education. That OCR investigation opened on June 23, 2022, and the complaint was noticed for federal enforcement on May 23, 2024. Since January 2025, I have received no communication from OCR regarding the processing or resolution of this complaint.

19. On August 17, 2022, I filed a complaint with the Cleveland OCR office based on Michigan school districts' failure to allow students with disabilities to attend their school of choice crossing counties, known as the MI Section 105c waiver, as is allowed for students without disabilities. Since January 2025, I have received no communication from OCR regarding the processing or resolution of this complaint.

20. On August 18, 2024, I filed a complaint with the Cleveland OCR office because the MDE failed to provide 9th and 10th grade students with disabilities in Michigan with access to MI Access, the state's "modified" assessment. Since January 2025, I have received no communication from OCR regarding the processing or resolution of this complaint.

21. On August 17, 2024, I filed a complaint with the Cleveland OCR office alleging that the MDE does not adequately monitor local educational agencies ("LEAs") to ensure that they are employing qualified personnel to teach students in any special education program. Before January 2025, I was in regular communication with OCR regarding this complaint, but since then, I have received no communication from OCR regarding the processing or resolution of this complaint.

22. I filed a complaint on July 5, 2022, regarding MDE's failure to monitor LEAs for having a vision impairment teacher consultant staffed in MDE-run School for the Deaf. OCR had recognized in a previous complaint that the School for the Deaf did not employ a vision impairment teacher consultant. My complaint alleged that MDE continued its failure to provide this consultant. Before January 2025, I was in regular communication with OCR regarding this complaint, which was opened for investigation, but since then, I have received no communication from OCR regarding the processing or resolution of this complaint.

23. On December 12, 2023, I filed a complaint with the Cleveland OCR office based on the failure of Macomb Intermediate School District ("ISD") to provide evaluation and services for occupational and physical therapy for its students with mobility impairments. This complaint was opened for investigation in early 2024. Since January 2025, I have received no communication from OCR regarding the investigation or resolution of this complaint.

24. OCR is a vital resource for families in Michigan who seek to file a complaint regarding violations of federal law under Title VI or Title IX of the Civil Rights Act ("CRA"), the ADA, or Section 504 of the Rehabilitation Act of 1974 ("Section 504"). As shown by the agency's materials and based on my past experience, MDE only investigates complaints arising under the Individuals with Disabilities Act ("IDEA"), Mich. Dep't of Educ. Off. of Special Educ., *Special Education State Complaints: Procedures and Model Forms* (May 2023), https://www.michigan.gov/mde/-/media/Project/Websites/mde/specialeducation/DRO/StateComplaints_ProceduresModelForms.pdf?rev=21bed1f5d6f843a7a9b20c6ed0d93635&hash=8056B3A625FA0C9945F038B682E4CD47, and the Michigan Department of Civil Rights only investigates complaints to determine compliance with the two state statutes which prohibit discrimination, *MDCR Jurisdiction*, Mich. Dep't of C.R., https://www.michigan.gov/mdcr/enforcement/investigation/jurisdiction (last visited on June 11, 2025). Without a functioning OCR, Michigan families are left without any administrative agency to investigate complaints under CRA, the ADA, or Section 504.

25. OCR is also important because even in MDE complaints finding a denial of free and appropriate public education under IDEA, MDE has failed to order compensatory services. At least in the past, OCR has been willing to order that a school provide compensatory services. Without OCR, I have no way of holding MDE accountable.

26. Since March 2025, I have assisted two families with filing federal OCR complaints, but I have felt compelled to advise them that it could take several years for these complaints to even be opened by OCR. I have also assisted several families with filing special education services-related complaints with MDE, even though I believe that MDE is unethical and unaccountable, because I am not confident that OCR would assist in the resolution of these complaints.

7

27. The failure of OCR to investigate or otherwise process these complaints has a devastating impact and causes an incalculable amount of damage to students facing discriminatory treatment as alleged in these complaints. Students have been denied necessary accommodations to have access to grade level curriculum, along with the ability to demonstrate their knowledge. Students have been suspended without procedural safeguards being followed and have lost weeks and months of school. Students have lost related services and specialized instruction that has denied them access to grade level curriculum, the ability to demonstrate their knowledge, and have access to school building, playgrounds and afterschool activities.

28. Since March 2025, I have observed that school districts are loosening up on their compliance with non-discrimination and special education requirements, and school officials have indicated to me that this is because they know that they are not going to be held accountable by OCR. There is NO federal accountability and school districts know this and are already loosening standards. It has never ever been more stressful fighting for children with Individual Education Plans, Section 504 plans, economically disadvantaged, homeless and minority students.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed on June 17, 2025.

Marcie Lipsitt