# Exhibit III

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,
et al.,

    *Plaintiffs*,

    v.

THE UNITED STATES OF AMERICA, et al.,

    *Defendants*.

Civil Action No. 25-965-JRR

## DECLARATION OF SHANIQUA WILLIAMS

I, Shaniqua Williams, declare pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a resident of Virginia and am over the age of eighteen (18) and competent to testify to the matters described below. This declaration is based on my personal knowledge. If called as a witness, I could and would testify competently to the matters set forth below.

2. I am offering this Declaration in my individual capacity and not on behalf of my employer.

3. I am currently employed as a Middle School Counselor at Manassas City Public Schools in Manassas, Virginia.

4. I am a member of the National Education Association ("NEA") and the Virginia Education Association ("VEA"), a state affiliate of NEA. I serve as the Vice President of District H and have held this position since 2024.

5. I have more than eleven years of professional experience in counseling for middle school and special education students.

6. I took out $210,550 in federal student loans to finance my education over the course of eight years.

7. I am in the process of applying for Public Service Loan Forgiveness ("PSLF") for which I qualify through my employment as a middle school counselor. I found out that I was eligible for PSLF through NEA's campaign to educate members through its Student Debt Campaign.

8. I enrolled in the Saving on a Valuable Education ("SAVE") Plan when applications opened in 2023 as a new Income-Driven Repayment ("IDR") plan. I did so because enrollment in an IDR plan is a necessary prerequisite for PSLF eligibility.

9. I was involuntarily placed in a general administrative forbearance in August 2024 when a court enjoined the federal government from following through with the SAVE Plan. Since then, I have been stuck in this administrative forbearance, meaning I have been unable to make payments on my loans.

10. If I had not been put in this forbearance, I would have already obtained full student loan debt relief through the PSLF program, as I only have nine (9) remaining months out of the required one-hundred and twenty (120) eligibility months. I tabulated my total number of qualifying months of employment to be one-hundred and twenty-seven (127), but FSA has my total calculated as one-hundred and eleven (111) qualifying months of employment.

11. I applied for the advertised PSLF "Buyback" program to retroactively pay my remaining nine (9) months of student loans and obtain full forgiveness. I submitted this initial application in November of 2024.

12. At the end of 2024, I contacted the FSA Office via telephone and was told that I would hear about my buyback request within ninety (90) days.

13. I received notification that my buyback request was denied on April 1, 2025, which was approximately one-hundred and twenty-eight (128) days since I submitted my request. This notice indicated that I do not have enough work history to qualify for PSLF, which is one-hundred and twenty (120) months, despite my being employed by a qualifying employer for one-hundred and twenty-seven (127) months.

14. Because of my leadership role in District H of the VEA, I stay up to date regarding the impacts of the government's actions on education and on teachers. I am aware that the President issued an Executive Order on March 20, 2025 aimed at dismantling the U.S. Department of Education ("the Department") by having Secretary of Education Linda McMahon "take all necessary steps to facilitate the closure of the Department of Education and return authority over education to the States and local communities." Exec. Order No. 14,242, 90 Fed. Reg. 13679 (Mar. 20, 2025).

15. I am also aware that the Department initiated a Reduction in Force ("RIF") on March 11, 2025, and has since forced many Department staff to stop performing their duties.

16. On April 1, 2025, I contacted the FSA office via telephone about the discrepancy in my total month tabulation, and the employee who answered the phone recommended that I re-submit an employment certification form signed by my principal. I was told I lacked one (1) month to reach the required one-hundred and twenty (120) months.

17. On April 7, 2025, I contacted the FSA office via telephone again once I had submitted the employment certification form to determine why my submission of that form was not reflected in my FSA portal. The employee who answered the phone expressed confusion as to why someone told me that I only had one remaining month of qualifying employment because the individuals who answer the phones do not have access to that information.

3

18. On June 12, 2025, I logged into my FSA portal to check my exact number of remaining PSLF payments. Upon checking the documents in my portal, I saw that FSA uploaded a letter to my account that they indicated was sent to me via mail on April 13, 2025.

19. I never received a physical copy of this letter and only read it for the first time on June 12, 2025. The letter indicated that FSA updated my total payment count prior to the SAVE forbearance to be one-hundred and eleven (111) months but did not explain how or why the total changed from one-hundred and nine (109) to one-hundred and eleven (111). While I am grateful for the additional months of credit, these discrepancies have made it incredibly confusing as to how many payments I will be required to make once my forbearance ends.

20. I would have approximately one-hundred and twelve thousand ($112,000) dollars in loans forgiven if my buyback application could be accurately and efficiently processed as of today.

21. I am prepared and ready to pay my remaining nine (9) months of PSLF payments if FSA were to certify that I have over one hundred and twenty (120) months of qualifying PSLF employment.

22. I am now planning to move to a new town with a lower cost of living because I still do not know when my buyback application will be processed, and I do not know when or whether I will need to start paying again. Based on the information that I got when I used the repayment estimator on FSA's website, I was worried that I would not be able to pay my rent once I begin the buyback process or have to begin repaying my loans again.

23. My FSA portal indicates that I will begin repayment in August of 2025. With greater certainty from FSA, I would be able to budget my finances and make an informed decision about where I can afford to live.

5

24. Since the RIFs occurred and the Administration began taking steps to dismantle the Department, I have been unable to get solid, accurate answers to any of my telephone inquiries. I am often told contradictory information by the individuals who answer the phone at FSA, and at least one FSA employee I have spoken to in recent months has been curt and unsympathetic.

25. I fear these issues will continue and cause economic hardship to myself and to other NEA members who could be debt-free as a result of the PSLF program but are unable to get the assistance they need.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed on June 22, 2025.

*Shaniqua D. Williams*
Shaniqua Williams