UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,
*et al.*,

       Plaintiffs,

  v.

THE UNITED STATES OF AMERICA, *et al.*,

       Defendants.

Civil Action No. 25-965-JRR

**MOTION OF MEMBERS OF CONGRESS
FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN
SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

*Amici curiae* Members of Congress respectfully move for leave to file the attached brief in support of Plaintiffs' Motion for Preliminary Injunction. In support of this motion, *amici* state:

1.    *Amici* are members of Congress who are familiar with the critical work the Department of Education does on behalf of the American people, as well as the reasons Congress created that Department in the first place. Indeed, as *amici* well know, the Constitution empowers Congress—not the executive—to determine the structure of the federal government, and thus Congress has been creating, restructuring, and even eliminating executive offices, departments, and agencies since the Founding. Conversely, when the executive has sought to eliminate or restructure a department or agency, it has sought the authority to do so from Congress. *Amici* have a strong interest in ensuring that this Court is familiar with this history, as well as a strong interest in this case and the critical separation of powers issues that it raises.

2. There is no Federal Rule of Civil Procedure that governs motions for leave to file an *amicus* brief in a federal district court, but district courts have broad discretion to permit *amicus* briefs. *Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Plan. Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014); *see* D. Md. L.R. 12. Typically, *amicus* briefs have been "allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 727 (D. Md. 1996) (citing *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). *Amicus* briefs may also "assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

3. The proposed attached *amici curiae* brief meets these standards. Given the novelty of President Trump's unilateral attempt to dismantle the Department of Education, analysis of the constitutional questions it raises, as a matter of first principles, will aid this Court in deciding Plaintiffs' Motion for a Preliminary Injunction. The proposed brief provides that analysis, drawing on constitutional text and history to demonstrate that if a President wants to dismantle an agency created by Congress, he may only do so if Congress has expressly delegated him that authority.

4. No counsel for a party authored this brief in whole or in part, and no person other than *amici curiae* or their counsel made a monetary contribution to its preparation or submission.

5. All parties consent to the filing of this brief.

For the foregoing reasons, leave to file the attached *amici curiae* brief should be granted. A proposed order is attached to this motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  July 3, 2025 | /s/ Miriam Becker-Cohen<br>Elizabeth B. Wydra<br>Brianne J. Gorod<br>Miriam Becker-Cohen<br>Nina Henry<br>Anna K. Jessurun<br>Constitutional Accountability Center<br>1200 18th Street NW, Suite 501<br>Washington, D.C. 20036<br>(202) 296-6889<br>miriam@theusconstitution.org<br><br>*Counsel for Amici Curiae* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, the foregoing document and all attachments were filed with the Clerk of the Court, using the CM/ECF system, causing them to be served on all parties.

Dated: July 3, 2025

<u>/s/ Miriam Becker-Cohen</u>
Miriam Becker-Cohen

*Counsel for Amici Curiae*