IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> THE UNITED STATES OF AMERICA, *et al.*, <br><br> *Defendants.* | Civil No. 8:25-cv-00965-JRR |

## MEMORANDUM OPINION

Pending before the court is Plaintiffs' Motion to Proceed Under Pseudonyms, to Waive Address Requirement, and for a Protective Order. (ECF No. 2, the "Motion.") No hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, the Motion will be granted.

**I.      BACKGROUND**

On March 24, 2025, Plaintiffs National Association for the Advancement of Colored People, NAACP South Carolina State Conference, NAACP Florence Branch, NAACP Texas State Conference, NAACP Lubbock Branch, Mara Greengrass on behalf of B.F., a minor child, Jane Doe 1, on behalf of C.E., a minor child, Jane Doe 2 on behalf of C.C., a minor child, National Education Association, Prince George's County Educators Association, and AFSCME Council 3 initiated the instant lawsuit against the United States of America, the Department of Education, and Linda McMahon in her official capacity as Secretary of Education. (ECF No. 1.) Plaintiffs Jane Doe 1 and Jane Doe 2 then moved to proceed under pseudonym, to waive address requirement, and for a protective order. (ECF No. 2.) Defendants did not respond to the Motion. At the hearing held August 15, 2025, regarding Plaintiffs' Motion for Preliminary Injunction (ECF

No. 61) and Defendants' Motion to Dismiss (ECF No. 77), the undersigned confirmed with Defendants' counsel that their lack of response to the Motion indicates they do not object to same. Counsel confirmed Defendants do not object to the Motion, but reserved Defendants' right to investigate the identities of Jane Doe 1 and Jane Doe 2 at a later date.

## II.     ANALYSIS

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties. FED. R. CIV. P. 10(a). Notably, however, Rule 5.2(a)(3) requires that a filing may only include a minor's initials. FED. R. CIV. P. 5.2(a)(3). In exceptional circumstances, the court may allow a party to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014). Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274.

The Fourth Circuit provides five non-exhaustive factors that courts should consider to determine whether to grant a request to proceed pseudonymously:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

Pursuant to Federal Rule of Civil Procedure 5.2(a)(3), individuals known to be minors shall

be referenced by only their initials. Accordingly, the court's analysis concerns whether Plaintiffs Jane Doe 1 and Jane Doe 2, both suing on behalf of their minor children, may similarly be permitted to proceed by pseudonym.

With respect to the first factor, Plaintiffs' request for a pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. Here, Jane Doe Plaintiffs' children's disability and related medical information and educational records, especially as minors, undoubtedly concern sensitive, highly personal information. *Cf. Heward v. Bd. of Educ. of Anne Arundel Cnty.*, No. CV ELH-23-00195, 2023 WL 6067072, at *3 (D. Md. Sept. 15, 2023) ("[C]ourts have found a compelling government interest in sealing personal information, especially when relating to minors."); *A.P.G. by Jones v. Fisher-Price, Inc.*, No. 3:22CV112 (DJN), 2023 WL 4406023, at *4 (E.D. Va. July 7, 2023) ("[C]ourts have held that minors' privacy interests in medical and financial information sufficiently outweigh the common law right of access." (citation omitted)). Jane Doe Plaintiffs' interest in shielding information regarding their children's personal information including details of their disabilities and educational backgrounds "go[es] beyond 'merely [seeking] to avoid the annoyance and criticism that may attend any litigation.'" *J.C. v. McKnight*, No. CV DKC 23-2019, 2023 WL 5487216, at *2 (D. Md. Aug. 24, 2023) (quoting *James*, 6 F.3d at 238). The court concludes that Jane Doe Plaintiffs' allegations relating to their minor children's disabilities are of a highly sensitive and personal nature; therefore, the first factor weighs in favor of allowing Jane Doe Plaintiffs to proceed by pseudonym. *James*, 6 F.3d at 238.

The second factor considers whether denying the Motion would "pose[] a risk of retaliatory physical or mental harm" to Plaintiffs. *Id.* While reputational risks alone may not be "sufficient

to outweigh the public interest in the openness of this litigation," *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 809 (E.D. Va. 2012), there is a risk of retaliatory or mental harm where a plaintiff "may face psychological harm from having [his] sensitive" information "made permanently available to anyone with Internet access." *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). Where "there could be some risk of mental harm to plaintiff upon public dissemination of her identity in connection with" sensitive personal information, anonymity may be warranted. *Doe v. Chesapeake Med. Sols., LLC*, No. CV SAG-19-2670, 2020 WL 13612472, at *2 (D. Md. Feb. 26, 2020). Jane Doe Plaintiffs persuasively assert that releasing their confidential and personally identifiable information would put them, and their children, at risk of serious mental harm. (ECF No. 2-11 at p. 6.) *See Spoa, LLC*, 2013 WL 5634337, at *3, *supra*. Therefore, the second factor weighs in favor of the Motion.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238. *See Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024) ("[F]ictitious names are often allowed when necessary to protect the privacy of children . . . "(citations omitted)). Jane Doe Plaintiffs' allegations concern their minor children. Identification of Jane Doe Plaintiffs would likely identify the minor child. *J.W. v. District of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016) (noting "a parent's identity, if disclosed, could jeopardize the child's confidentiality" (internal quotation omitted)). Accordingly, the third factor weighs in favor of allowing Jane Doe Plaintiffs to proceed by pseudonym.

The fourth *James* factor considers whether Plaintiffs' action is against a governmental entity or, instead, a private party whose reputation may be harmed unfairly if Plaintiffs are permitted to proceed anonymously. "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the

action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). This action is against the United States, a government entity, and a government actor; thus the fourth factor weighs in favor of allowing the Jane Doe Plaintiffs to proceed under pseudonyms.

With respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." 6 F.3d at 238. Where Defendants know Plaintiffs' true identities, and are "fully capable of investigating and responding to the allegations," there is no risk of prejudice to Defendants' defense. *Spoa, LLC*, 2013 WL 5634337, at *3. *See Alger*, 317 F.R.D. at 41 (finding that the fifth factor weighs in favor of anonymity where the defendants are fully aware of the plaintiff's identity and fail to articulate how they would be prejudiced in their defense). Here, Defendants consent (or, do not object) to the Motion (and thus concede they will suffer no prejudice relating to the requested relief) while reserving their right to investigate Jane Does' identities at a later date. Accordingly, neither the court nor Defendants foresee prejudice to Defendants' ability to defend the claims should the Motion be granted. Therefore, the fifth factor weighs in favor of granting the Motion.

Upon consideration of the *James* factors, the court concludes that this case implicates minors' privacy interests pertaining to sensitive and personal matters, which "substantially outweigh the presumption of open judicial proceedings." *Pub. Citizen*, 749 F.3d at 274, *supra*. Accordingly, allowing Jane Doe Plaintiffs to proceed in this action as Jane Doe 1 and Jane Doe 2 is warranted. The court will order that any document that identifies either Doe Plaintiff by name,

in whole or in part, shall be filed under seal, with copies redacted of their true names to be placed in the public file.

In view of the court's above finding that Plaintiffs Jane Doe 1 and Jane Doe 2 are entitled to proceed under pseudonym, Plaintiffs Jane Doe 1 and Jane Doe 2 are also entitled to a protective order which limits disclosure of their identity to the public. *EEOC v. Spoa, LLC*, No.CIV.13-1615, 2014 WL 47337, at *2 (D. Md. Jan. 3, 2014). Additionally, Plaintiffs Jane Doe 1 and Jane Doe 2 are not required to include their addresses on the Complaint.

### III.  CONCLUSION

For the reasons set forth herein, by separate order, Plaintiffs' Motion to Proceed Under Pseudonyms, to Waive Address Requirement, and for a Protection Order (ECF No. 2) will be granted.

/S/

August 21, 2025

_____
Julie R. Rubin
United States District Judge