NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,
et al.,

    *Plaintiffs*,

    v.

THE UNITED STATES OF AMERICA, et al.,

    *Defendants*.

Civil Action No. 25-965-JRR

## INITIAL JOINT STATUS REPORT

Pursuant to this Court's Scheduling Order dated June 5, 2026 (Dkt. 111), the parties jointly submit this Initial Joint Status Report on the following topics:

**A. Requests for Modification to the Scheduling Order**

The parties agree that production of the administrative record is necessary for adjudication of Plaintiffs' claims under the Administrative Procedure Act (APA) (Dkt. 58, ¶¶ 162-67). Accordingly, the parties request to modify the Scheduling Order to set a deadline of July 6, 2026, for production of the administrative record. Defendants further propose providing Plaintiffs the discovery materials produced in *Am. Educ. Rsch. Ass'n v. Dep't of Educ.*, CIV. Case No. SAG-25-1230 (D. Md.), and *New York v. McMahon*, CIV. Case No. MJJ-25-10601 (D. Mass.), cases raising challenges similar to Plaintiffs' claims here. Plaintiffs agree that production of these materials is appropriate but maintain that discovery is still required to develop the additional and potentially unique facts necessary to adjudicate Plaintiffs' constitutional claims. They therefore propose setting a deadline for Defendants to provide all discovery materials produced to the

plaintiffs in the related cases by that date, with rolling productions of any additional materials thereafter, and for Plaintiffs subsequently to take any additional discovery needed to fully and fairly adjudicate their constitutional claims. The parties' respective proposed modifications to the Scheduling Order are as follows:

| Deadline | Current Schedule | Plaintiffs' Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|---|
| Production of the administrative record | None | July 6, 2026 | July 6, 2026 |
| Moving for joinder of additional parties and amendment of pleadings | July 20, 2026 | August 3, 2026 | August 3, 2026 |
| Defendants' production of discovery materials from other cases | N/A | August 7, 2026 (rolling thereafter) | August 7, 2026 (rolling thereafter) |
| Plaintiffs' Rule 26(a)(2) disclosures[1] | August 4, 2026 | August 18, 2026 | N/A |
| Defendants' Rule 26(a)(2) disclosures | September 3, 2026 | September 17, 2026 | N/A |
| Plaintiffs' rebuttal Rule 26(a)(2) disclosures | September 17, 2026 | October 1, 2026 | N/A |
| Rule 26(e)(2) supplementation of disclosures and responses | September 24, 2026 | October 8, 2026 | N/A |
| Discovery deadline; submission of status report[2] | October 19, 2026 | November 2, 2026 | N/A |
| Requests for admission[3] | October 26, 2026 | November 9, 2026 | N/A |

---

[1] It is Defendants' position that expert discovery is not needed, so the Rule 26 disclosures contemplated in the default schedule are not necessary.

[2] It is Defendants' position that discovery is not appropriate. The status report would simply be whether Defendants had transmitted all discovery from related cases.

[3] It is Defendants' position that discovery is not appropriate and that this date is not necessary.

| Dispositive pretrial motions deadline | November 17, 2026 | December 1, 2026 | N/A |
| Parties submit briefing schedule for summary judgment briefing | N/A | N/A | November 13, 2026 |

**B.      Report on Consent to Proceed Before a United States Magistrate Judge**

The parties do not consent to have all further proceedings before a Magistrate Judge.

**C.      Report on Participation in Mediation with a United States Magistrate Judge**

The parties do not wish to participate in a mediation session with a Magistrate Judge before, during, or after discovery.

**D.      Report on the Scope of Discovery**

Plaintiffs' Position. Plaintiffs' position is that, because this case involves an APA claim, any assessment of the scope of discovery is premature before Defendants produce the administrative record and Plaintiffs have an opportunity to review and evaluate its contents. While Plaintiffs agree with Defendants' proposal to provide discovery materials produced in *Am. Educ. Rsch. Ass'n v. Dep't of Educ.*, CIV. Case No. SAG-25-1230 (D. Md.), and *New York v. McMahon*, CIV. Case No. MJJ-25-10601 (D. Mass.), Plaintiffs maintain that they are entitled to discovery on their constitutional claims. *See, e.g.*, *CASA, Inc. v. Noem*, No. 25-1484, 2025 WL 3514378, at *17 (D. Md. Dec. 8, 2025). As this Court found in its opinion denying Defendants' motion to dismiss, these claims "plausibly allege," among other things, that "by attempting to close the Department without congressional approval, the Secretary [of Education] is acting in the '*absence* of *any* statutory authority,'" Dkt. 106, at 65, an allegation not encompassed by Plaintiffs' APA claim, *see* Dkt. 106, at 50 n.26. Plaintiffs thus request that the Court preserve their right to take additional discovery as necessary to fully and fairly adjudicate their constitutional claims after Plaintiffs have

a sufficient opportunity to evaluate the administrative record and the discovery materials from related cases provided by Defendants.

Defendants' Position. Defendants do not believe discovery related to Plaintiffs' Administrative Procedure Act claim is appropriate. *Mayor and City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 137 (D. Md. 2019) ("As a general matter, claims brought under the APA are adjudicated without a trial or discovery, on the basis of an existing administrative record") (quotation omitted). Plaintiffs have also brought a constitutional claim, which may arguably permit discovery, *see id.* 138-41. In addition, the Department of Education has provided discovery in connection with similar challenges to the challenged actions here. Accordingly, to expedite any discovery, conserve resources, avoid wasteful and unnecessary discovery, and move quickly to resolution, Defendants propose providing Plaintiffs the discovery produced in *Am. Educ. Rsch. Ass'n v. Dep't of Educ.*, CIV. Case No. SAG-25-1230 (D. Md.), and *New York v. McMahon*, CIV. Case No. MJJ-25-10601 (D. Mass.). The Court should not order any additional discovery.

### E. Rule 16 Conference Call

The parties do not require a Rule 16 Conference Call.

Dated: June 22, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
Chief Litigation Counsel

/s/ Michael Bruns
MICHAEL BRUNS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: 202-514-4011
Email: michael.bruns@usdoj.gov

*Attorneys for Defendants*

/s/ Abigail V. Carter
Leon Dayan*
Abigail V. Carter (D. Md. Bar No. 20952)
John M. Pellettieri*
Kara A. Naseef*
Lane Shadgett (D. Md. Bar No. 31686)
**Bredhoff & Kaiser, PLLC**
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Tel. (202) 842-2600
Fax (202) 842-1888
ldayan@bredhoff.com
acarter@bredhoff.com
jpellettieri@bredhoff.com
knaseef@bredhoff.com
lshadgett@bredhoff.com

*Attorneys for National Education Association,
Prince George's County Educators
Association, AFSCME Council 3*

Joseph M. Sellers (D. Md. Bar No. 06284)
Ethan Judd*
Ryan Wheeler*
Jenna Waldman*
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Avenue, NW, Suite 800
Washington, D.C. 20005
Tel. (202) 408-4600
Fax (202) 408-4699
jsellers@cohenmilstein.com
ejudd@cohenmilstein.com
rwheeler@cohenmilstein.com
jwaldman@cohenmilstein.com

Robert Kim*
Jessica Levin*
Wendy Lecker*
Theresa Luhm*
**Education Law Center**
60 Park Place, Suite 300
Newark, NJ 07102
Tel. (973) 624-1815
Fax (973) 624-7339
rkim@edlawcenter.org
jlevin@edlawcenter.org
wlecker@edlawcenter.org
tluhm@edlawcenter.org

*Attorneys for NAACP, NAACP South Carolina
State Conference, NAACP Florence Branch,
NAACP Texas State Conference, NAACP
Lubbock Branch, Mara Greengrass, and Jane
Does 1 & 2*

Alice O'Brien*
Marissa Marandola*
**National Education Association**
1201 16th Street NW
Washington, D.C. 20036
Tel. (202) 822-7035
aobrien@nea.org
mmarandola@nea.org

*Attorneys for National Education Association
and Prince George's County Educators
Association*

Aaron S. Ament*
Daniel A. Zibel (D. Md. Bar No. 31554)
Eric Rothschild*
**National Student Legal Defense Network**
1701 Rhode Island Avenue N.W.
Washington, D.C. 20036
Tel. (202) 734-7495
aaron@defendstudents.org
dan@defendstudents.org
eric@defendstudents.org

*Attorneys for National Education Association*

**Admitted Pro Hac Vice*

6